NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |
|---|---|
| Sandra MOHAMED, | |
| Plaintiff, | Civil No. 17-3911 (RBK/KMW) |
| v. | **OPINION** |
| ATLANTIC COUNTY SPECIAL SERVICES SCHOOL DISTRICT and Eric FLECKEN, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 14.) Because Plaintiff's complaint does not comply with Fed. R. Civ. P. 8 and is insufficient under Fed. R. Civ. P. 12(b)(6), Defendants' motion is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

I.  BACKGROUND

Plaintiff Sandra Mohamed worked at an Atlantic County, New Jersey high school for special needs students. (Compl. at 3.) She alleges she was targeted by her principal, Eric, for filing charges with the EEOC in June 2011 and December of 2016. (*Id.*) Plaintiff alleges she was moved from her assignment at a casino in a "school to career program" to a new assignment that she said she could not and would not do. (*Id.*) She alleges this assignment was given out of pure retaliation due to filing her EEOC complaints. (*Id.*)

Although not entirely clear in the sparse complaint, Plaintiff alleges that she agreed with an EEOC finding—it is not clear what the EEOC found—and dropped her charge. (*Id.*) After this,

she wrote a letter to her vice principal, Janene, concerning an "interior program" aimed at minority students. (*Id.*) This, Plaintiff says, was retaliation against her. (*Id.*) Another teacher—the complaint does not specify who—witnessed this backlash. (*Id.*) It appears Plaintiff was terminated on January 31, 2017, though the complaint does not say why. (*Id.*)

Because of this, Plaintiff is now under a doctor's care and is seeing a therapist for stress and anxiety. (*Id.* at 4.) She is also seeing a therapist for stress and anxiety and is taking medications. (*Id.*) Plaintiff also alleges she lost her job some 16 months before she was eligible for retirement. (*Id.*) These facts are the totality of Plaintiff's complaint. The complaint does not seek a remedy.

Plaintiff brings claims of discrimination and retaliation which the Court construes as coming before it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.     THE 12(b)(6) STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are

well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

Finally, the Court notes that pro se complaints must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

Plaintiff's complaint must be dismissed because it fails to set forth facts sufficient to put Defendants on notice as to the claims against them. Plaintiff's response to the motion to dismiss (ECF No. 17) sets forth more factual material—including allegations of romantic favoritism among the teaching staff of her high school, as well as what relief she seeks—but this document is not an amended complaint and so does not factor into the Court's analysis of the sufficiency of the pleadings.

As an initial matter, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a). Simply put, Plaintiff's complaint does not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" as it does not specify what happened to Plaintiff and what injuries she has incurred. Furthermore, the complaint does not include "a demand for the relief sought," as it must under Rule 8. We find Plaintiff's complaint does not set forth enough information to put Defendants on notice of the claims against them.

Furthermore, Plaintiff's claims for retaliation and discrimination are insufficient. To state a claim of racial discrimination under Title VII, Plaintiff must first establish a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) she was qualified for the position he sought to attain or retain; (3) she suffered an adverse employment action; and (4)

the action occurred under circumstances that could give rise to an inference of intentional discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The complaint does not satisfy any of these elements. The complaint does not indicate whether Plaintiff is a member of a protected class, whether she was qualified, or whether the facts permit an inference of discrimination. It is also unclear on the nature of Plaintiff's termination.

Plaintiff's retaliation claim faces the same deficiency. To plead a case of retaliation under Title VII, Plaintiff must show (1) she engaged in protected activity; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between her participation in the protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Although Plaintiff has pleaded that she filed a charge with the EEOC, what occurred in this administrative proceeding is a mystery. Indeed, it appears from the complaint that Plaintiff may have withdrawn her EEOC complaint after filing it. The complaint also does not establish how or why Plaintiff's EEOC filing led to retaliation. This is insufficient.

### IV. CONCLUSION

Because Plaintiff's complaint does not comply with Rule 8 and because it is deficient under Rule 12(b)(6), Defendants' motion is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. However, Plaintiff is given leave to file an amended complaint within **30 DAYS** that addresses the defects identified in this opinion. An order follows.

Dated:  June 4, 2018                                              /s Robert B. Kugler
                                                                                  ROBERT B. KUGLER
                                                                                  United States District Judge