UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANDRA MOHAMED,<br><br>             Plaintiff,<br><br>  v.<br><br>ATLANTIC COUNTY SPECIAL<br>SERVICES SCHOOL DISTRICT<br>et al.,<br><br>             Defendants. | Civil No. 17-3911 (RBK/MJS) |

**O P I N I O N  A N D  O R D E R**

This matter is before the Court on the renewed "Motion to Appoint Pro Bono Counsel" ("motion") [Doc. No. 72] filed by pro se plaintiff Sandra Mohamed. The Court received the opposition filed by defendant Atlantic County Special Services School District [Doc. No. 74]. The Court exercises its discretion to decide plaintiff's motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, plaintiff's motion is DENIED.

**Background**

Plaintiff Sandra Mohamed filed this action on June 1, 2017 against defendants Atlantic County Special Services School District ("School District") and Eric Flecken asserting various claims arising out of alleged discrimination and retaliation in

the workplace. See Compl. [Doc. No. 1]; Am. Compl. [Doc. No. 26].[1] Specifically, plaintiff alleges she was unlawfully discriminated against, harassed, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, the New Jersey Law Against Discrimination ("NJ LAD"), and the New Jersey Conscientious Employee Protection Act ("NJ CEPA") because of her race, color, national origin, and/or disabilities, and because of her repeated complaints concerning such conduct. Am. Compl. ¶¶ 71-93. Plaintiff's amended complaint initially advanced four causes of action against both defendants. See id. However, on March 29, 2019, the Hon. Robert B. Kugler granted in part and denied in part defendants' Rule 12(b)(6) motion to dismiss the amended complaint, dismissing Flecken from the case entirely, as well as plaintiff's first cause of action against the School District. See Op. at 16 [Doc. No. 35]; Order [Doc. No. 36]. As a result, only the following three causes of action against the School District remain: (1) retaliation in violation of Title VII; (2) termination, hostile work environment, and harassment in violation of the NJ LAD; and (3) termination and hostile work environment in violation of the NJ CEPA. Id.

---

[1] Plaintiff's complaint was filed pro se. The Court notes, however, that her amended complaint was filed by an attorney who has since withdrawn as counsel for plaintiff, as discussed further, infra.

2

The instant motion is plaintiff's second request for pro bono counsel. Plaintiff's first motion [Doc. No. 16] was denied by the Hon. Karen M. Williams due to plaintiff's failure to provide a sufficient basis to enable the Court to make a determination as to whether pro bono counsel was warranted. See Order, Nov. 6, 2017 [Doc. No. 18]. Plaintiff was advised to contact the Atlantic County Bar Association Lawyer Referral Service and that if plaintiff chose "to file a renewed motion seeking pro bono counsel, [she] shall set forth her efforts to find counsel therein." Id. at 2. Shortly thereafter, plaintiff obtained counsel. See Doc. No. 21. However, on May 10, 2019, plaintiff's counsel filed a motion to withdraw [Doc. No. 44] which was subsequently granted on July 31, 2019 by the Hon. Joel Schneider. See Order [Doc. No. 50]. Plaintiff was given 45 days to retain new counsel and, if new counsel did not enter an appearance, plaintiff was directed to appear in person at the next status conference. Id. at 6. No appearance was entered by an attorney on plaintiff's behalf and plaintiff appeared pro se at the following status conference. See Min. Entry, Sept. 27, 2019 [Doc. No. 52].

Plaintiff now moves for the appointment of pro bono counsel contending she is unfamiliar with the law and does not "have [the] full ability to present an effective case." Mot. at 3. Plaintiff also appears to contend that her failure to comply with a discovery Order demonstrates the "exceptional circumstances" that she faces

3

in litigating the matter herself.  Id.; see Order, Dec. 1, 2020 [Doc. No. 70] (directing plaintiff to respond to all written discovery by December 23, 2020).  Plaintiff argues that "[t]he legal issues are complex and the playing field is not level[]," and that "financial and employment issues" have prevented her from pursuing the case or obtaining counsel.  Mot. at 3.

Defendant opposes the motion alleging plaintiff is attempting to use it "to further delay this case."  Opp'n at 2 [Doc. No. 74].  Defendant contends that, instead of providing discovery responses by the Court-Ordered deadline, plaintiff chose to file the motion and deliberately failed to provide discovery.  Id.  Defendant also contests plaintiff's basis set forth for her request for counsel, which it argues is unsupported by the record and insufficient to justify granting plaintiff's motion.  Id. at 3.

**Discussion**

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e).  This statute grants district courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right.  See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Speller v. Ciccero, C.A. No. 13-1258(KM), 2013 WL 1121377, *1 (D.N.J. Mar. 12, 2013).

Prior to analyzing the substance of the applicant's request for pro bono counsel, the Court must first determine whether the

4

litigant's overarching claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the substance of the request for pro bono counsel should be reviewed under the following factors (hereinafter, the "Tabron/Parham factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his or her own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). None of the above factors are individually determinative and the list is not exhaustive. Id. at 458. Rather, the Tabron/Parham factors articulate important considerations used to evaluate a litigant's request for the appointment of pro bono counsel. Id.

The fact that plaintiff's amended complaint was attacked by a Rule 12(b)(6) motion to dismiss and the Court only granted the motion in part, is some indication that the remaining claims have "some merit in fact and law." See Doc. Nos. 35, 36. Thus, for the purpose of this motion, the Court will assume plaintiff has

satisfied her threshold burden.[2]  Therefore, the Court will proceed to evaluate plaintiff's request for pro bono counsel using the Tabron/Parham factors as a guidepost.

The first Tabron/Parham factor requires an evaluation of whether the litigant is capable of presenting his or her own case. Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002).  This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action.  See Gordon v. Gonzalez, 232 Fed. Appx. 153, 157 (3d Cir. 2007).  This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience.  Tabron, 6 F.3d at 156.  The Third Circuit characterized this factor as "[p]erhaps the most significant of Tabron's post-threshold factors." Montgomery, 294 F.3d at 501.

Plaintiff does not specifically allege she is incapable of representing herself in this action.  Rather, plaintiff alleges she does not "have [the] full ability to present an effective case."  Mot. at 3.  Nonetheless, a review of the record demonstrates plaintiff is a competent pro se litigant who is capable of representing herself.  Plaintiff initially pursued this matter with the EEOC and was able to file and pursue her initial

---

[2] This assumption is for the purpose of this motion only. The Court reserves the right to reconsider the merits of plaintiff's claims in the future.

6

complaint in federal court. See Am. Compl. ¶¶ 10-12. Even without the assistance of counsel, plaintiff initiated this action and filed the present motion. Plaintiff's alleged unfamiliarity with the rule of law or lack of formal legal training does not constitute sufficient grounds to warrant the appointment of counsel. See, e.g., Hooks v. Schultz, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010) (citations omitted) (noting a lack of formal legal training alone is not sufficient grounds for the appointment of counsel as "it is a limitation held in common by most pro se parties"). Further, while plaintiff's level of education is not entirely clear from her submissions to the Court, her alleged twenty-three (23) years of employment as a teacher's assistant with the School District further demonstrates literacy, an understanding of the English language, and previous educational experience and training. See Am. Compl. ¶¶ 16-19. Last, the Court notes that plaintiff most recently appeared at a December 1, 2020 telephone conference and successfully responded to an Order to Show Cause ("OSC") issued by the Hon. Joel Schneider [Doc. No. 69] as to why plaintiff did not respond to discovery and failed to comply with the Court's Orders. See Min. Entry [Doc. No. 71]. At present, plaintiff appears to be sufficiently capable of presenting the case herself. Therefore, the first Tabron/Parham factor weighs against the plaintiff.

The second factor concerns the difficulty of the legal issues presented in the case. Courts should be more inclined to appoint

7

counsel when the legal issues are complex. Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). This case involves legal issues arising out of alleged discrimination and retaliation in the workplace. The Court does not find these legal issues to be unduly complex for a litigant such as plaintiff. See, e.g., Rodriguez v. Verizon Commc'ns, No. 16-4202 (MCA/MAH), 2016 WL 8710395, at *3 (D.N.J. Aug. 5, 2016) (finding the pro se plaintiff's employment discrimination claims "[did] not involve complex legal issues"). Therefore, the Court finds the second Tabron/Parham factor weighs against the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of plaintiff to conduct such an investigation. Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant the appointment of counsel. Tabron, 6 F.3d at 156. It does not presently appear that the investigation in this case will be extensive or the discovery will be beyond plaintiff's capabilities. While plaintiff alleges that her failure to comply with the Court's Order to provide written discovery demonstrates the "exceptional circumstances" she faces, the Court finds this argument is unpersuasive. Plaintiff merely asserts she was "overwhelmed" without providing any additional

8

explanation or support.  See Mot. at 3.  Indeed, she appears to have made little or no effort to engage in moving this case forward even when represented by counsel.  The Court notes the certification submitted by Ms. Kinealy, who previously represented the Plaintiff in this matter as "low-bono" client from Rutgers Law Associates.  Ms. Kinealy, in moving to withdraw, certified that plaintiff "has consistently failed to respond to attorney-client communications" and "has ignored calls, texts and emails about her case for weeks and months on end."  See Cert. of Siobhan Kinealy, Esq. in Support of Motion to Withdraw [Doc. No. 44] at ¶¶ 4, 11.  For these reasons, the Court finds the third Tabron/Parham factor weighs against plaintiff.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations.  While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest."  Parham, 126 F.3d at 460.  Thus, in considering this factor a court must evaluate "the degree to which credibility is at issue."  Dippolito v. U.S., C.A. No. 13-175 (RBK), 2015 WL 1104813, *3 (D.N.J. Mar. 11, 2015) (quoting Wassell v. Younkin, No. 07-326, 2008 WL 73658, *4 (W.D. Pa. Jan. 7, 2008)).  At this time, the Court cannot answer whether the case will be "solely a swearing contest."  Therefore, the Court finds the fourth Tabron/Parham factor is neutral.

The fifth factor under consideration is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. Tabron, 6 F.3d at 156. However, the Third Circuit has clarified that the need for expert testimony does not warrant the appointment of counsel in every case. See Lasko v. Watts, 373 Fed. Appx. 196, 202 (3d Cir. 2010). Plaintiff has not demonstrated that her case will necessarily require expert testimony and given the nature of her claims, the Court is not certain that expert testimony will be needed at this time. Accordingly, the fifth Tabron/Parham factor weighs against the plaintiff.

The final Tabron/Parham factor to be addressed is whether the litigant is financially capable of retaining his or her own counsel. Parham, 126 F.3d at 461. Plaintiff alleges that she is unable to afford counsel due to employment and financial issues. Therefore, the Court finds the sixth Tabron/Parham factor weighs in favor of plaintiff.

**Conclusion**

Because the majority of the Tabron/Parham factors weigh against the appointment of counsel, the Court denies plaintiff's motion. The critical factors in this regard are that plaintiff is a competent pro se litigant who is capable of representing herself, the issues in dispute are not unduly complex, and plaintiff's claims are not likely to require complicated investigation or discovery. The Court also notes that even when plaintiff had

counsel, her attorney has represented to the Court that plaintiff was often unreachable and unresponsive about her case for weeks and months on end. This is an important consideration in the Court's analysis.

Accordingly, for all the foregoing reasons,

IT IS hereby ORDERED this 1st day of June 2021, that plaintiff's "Motion to Appoint Pro Bono Counsel" [Doc. No. 72] is DENIED. This Order is entered without prejudice to plaintiff's right to re-file her motion if warranted by material relevant developments.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc: Hon. Robert B. Kugler  
    United States District Judge