IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANDRA MOHAMED, | |
| Plaintiff, | Civil No. 17-03911 (RBK/MJS) |
| v. | **OPINION** |
| ATLANTIC COUNTY SPECIAL SERVICES SCHOOL DISTRICT, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 73, "Mot. to Dismiss"). Plaintiff has not responded or otherwise opposed the motion. For the reasons expressed herein, the motion is **GRANTED**.

**I.     BACKGROUND**

This is an employment discrimination and retaliation case. Plaintiff Sandra Mohamed filed this action on June 1, 2017, against Defendants Atlantic County Special Services School District and Eric Flecken. (Doc. 1.) Plaintiff alleges that she was unlawfully discriminated against, harassed, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, the New Jersey Law Against Discrimination ("NJ LAD"), and the New Jersey Conscientious Employee Protection Act ("NJ CEPA") because of her race, color, national origin, and/or disabilities, and because of her repeated complaints concerning such conduct. (Doc. 26, "Am. Compl. ¶¶ 71–93.)

This Court previously granted in part and denied in part Defendants' Motion to Dismiss the Amended Complaint. (Doc. 35.) This Opinion dismissed Flecken from the case entirely and

1

one cause of action against the school district. As a result, only the following three causes of action against the School District remain: (1) retaliation in violation of Title VII; (2) termination, hostile work environment, and harassment in violation of the NJ LAD; and (3) termination and hostile work environment in violation of the NJ CEPA. (Doc. 35.)

Defendant has made repeated requests for discovery responses from Plaintiff that have largely been ignored. First, in March 2020, Defendant served requests that Plaintiff was to respond to by April 2020. (Mot. at 1.) Plaintiff failed to respond. On July 10, 2020, Defendant sent a letter to Plaintiff informing her of the expired deadline. (Mot. at 1.) Plaintiff failed to respond. Defendant then received an order compelling Plaintiff to respond by September 15, 2020. (Doc. 63.) Plaintiff again failed to respond. Defendant sent a deficiency letter to Plaintiff, to which Plaintiff again did not respond. (Mot. at 2.) On October 5, 2020, the Court extended the discovery deadline and ordered Plaintiff to respond by October 24, 2020. (Doc. 65.) The Court warned that a failure to respond could result in sanctions, including dismissal of the action. (Doc. 65.) Plaintiff failed to serve discovery responses by the deadline. On October 28, 2020, the Court issued an Order informing Plaintiff that she would have one final opportunity to respond to the discovery requests by November 14, 2020. (Doc. 67.) Plaintiff again failed to respond. Due to the history of Plaintiff's conduct, Defendant now seeks dismissal for failure to prosecute.

## II. LEGAL STANDARD

A defendant may move for dismissal of an action for the plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). The decision to dismiss is in the trial court's discretion. Before dismissing a case, courts in the Third Circuit normally examine the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Under *Poulis*, the Court must evaluate and weigh the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice

to the adversary caused by the failure to respond; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

## III. DISCUSSION

The Court will analyze the *Poulis* factors to determine whether dismissal is warranted.

First, because Plaintiff proceeds *pro se*, she bears full responsibility for any delay. *Brisco v. Klaus*, 538 F.3d 252, 258-59; *Hamilton v. Trans Union, LLC*, No. 16-7974, 2017 WL 453339, at *2 (D.N.J. Aug. 29, 2017). "[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Briscoe*, 538 F.3d at 258–59. This factor weighs in favor of Defendant.

Second, Defendant has been prejudiced by the delay and Plaintiff's non-responsiveness. Defendant has been forced to expand significant resources, including time and money, in an attempt to obtain discovery responses from Plaintiff over the last eight months. Without discovery responses, Defendant is unable to properly prepare a defense in this litigation. This factor weighs in favor of Defendant.

As to the third and fourth factors, Plaintiff has failed to respond to several court orders in succession, over the course of eight months. Although the Court cannot comment whether Plaintiff has ignored these orders in bad faith, the Court must assume, as a *pro se* litigant in control of her own lawsuit and without evidence to the contrary, that she is at least willfully doing so. Plaintiff has been advised that the failure to submit discovery responses could result in dismissal. Thus, this factor weighs in favor of Defendant.

With respect to sanctions other than dismissal, the fifth factor, other means of sanctions, such as the imposition of fees and costs, are often inappropriate. *Briscoe*, 528 F.3d at 263; *see also Emerson v. Thiel College*, 396 F.3d 184, 191 (3rd Cir. 2002) ("no effective alternative sanctions to dismissal" where plaintiff proceeded in forma pauperis and assessment of attorneys' fees not a serious consideration). Because Plaintiff has defied the Court's orders in other contexts, it is unlikely that a different sanction will be effective. Although the Court does not attach much weight to this factor here, this nonetheless weighs in favor of dismissal.

Finally, the sixth *Poulis* factor weighs in favor of Plaintiff, as the Court accepts the allegations in the amended complaint as true, and the Court has already found Plaintiff's Complaint, at least in part, withstands 12(b)(6) dismissal under 28 U.S.C. § 1915A. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Briscoe*, 538 F.3d at 263 ("Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.") However, in weighing the factors, "no single *Poulis* factor is dispositive," *Ware*, 322 F.3d at 222, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek*, 964 F.2d at 1373.

Of the foregoing factors, only one weighs against dismissal—Plaintiff's claims should be deemed meritorious, at least in part. But this is not enough. A case must move forward or else come to a conclusion. The *Poulis* factors weigh for dismissal. As Plaintiff seems to have abandoned the case, the Court sees no alternative to dismissal under Fed. R. Civ. P. 41(b). This dismissal will serve as an adjudication on the merits. *See Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992).

## IV. CONCLUSION

For the reasons contained herein, Defendants' Motion to Dismiss for lack of prosecution is **GRANTED**.

Dated: 7/9/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge